UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DART-BARNETT OPERATING CO., LLC,

        Plaintiff,                            Case No. 1:07-cv-1099

v.                                                  HON. JANET T. NEFF

ESPERADA TEXAS, LP,

        Defendant.

_____/

**OPINION**

In September 2007, plaintiff Dart-Barnett Operating Company LLC filed suit against defendant Esperada Texas, LP, in Ingham County, Michigan, Circuit Court. Defendant removed the case to this Court. Pending before the Court is defendant's November 5, 2007 motion to dismiss the case pursuant to FED. R. CIV. P. 12(b)(3) on grounds of improper venue or forum non conveniens (Dkt 5).[1] Plaintiff filed a response to the motion, and defendant filed a reply. Further, the parties filed supplemental briefing in February 2008. Pursuant to W.D. Mich. LCivR 7.2(d), the motion to dismiss is decided without hearing argument. For the reasons that follow, the motion is granted.

**Background**

Defendant is a Texas limited partnership with its principal place of business in Texas. On September 27, 2005, defendant and plaintiff's predecessor-in-interest, Dart Energy Corporation, a

---

[1] This matter was originally assigned to the Honorable Robert Holmes Bell but was subsequently transferred to the undersigned pursuant to Administrative Order No. 08-027, filed March 6, 2008.

Michigan corporation, entered into an Oil and Gas Leasehold Acquisition Agreement. (Exh. 3 to Compl.) In pertinent part, defendant agreed to acquire options to lease the oil and gas rights in eleven counties in Texas. (Compl. ¶¶ 15-16.) Defendant does not dispute that the Agreement was executed at the Michigan offices of plaintiff's predecessor-in-interest, although defendant claims that the parties to the Agreement initially met in Texas on September 19, 2005. (*Id.* ¶¶ 12-15; Brief, 2.)

Plaintiff, which is a Michigan limited liability company organized after execution of the Agreement, acquired the rights and obligations of the Agreement from Dart Energy. (Compl. ¶ 19; Exh. 2 to Resp.)

Plaintiff and defendant have each filed a lawsuit against the other in their respective states. First, on September 20, 2007, plaintiff filed suit against defendant in Ingham County, Michigan, Circuit Court. Plaintiff sought a declaratory judgment that it had performed its obligations under the Agreement but defendant had not (Count 1). Plaintiff also sought damages for certain bonus fees it paid defendant for options defendant allegedly failed to provide within the time period indicated in the Agreement (Count 2).

Approximately one month later, on October 30, 2007, defendant filed an action against plaintiff in the District Court for Erath County, Texas. Defendant assigned at least some of its rights in the Agreement to Americo Oil & Gas Production Co., Ltd., a Texas limited partnership with its principal place of business in Texas, and Americo subsequently joined as a co-plaintiff in the Texas state court action. Their Second Amended Petition in Texas state court set forth the following claims: Fraud and Fraudulent Inducement, Conspiracy to Defraud, Single Business Enterprise, Civil Theft, Constructive Trust, Breach of Contract, Declaratory Judgment, Accounting, Estoppel,

Tortious Interference, Breach of Confidentiality and Non-Disclosure Agreement, Breach of Special Relationship Duties, Breach of Reasonably Prudent Operator Standard, Breach of Duties as Plaintiffs' Agents, Breach of Confidentiality of the September 27, 2005 Oil and Gas Lease Acquisition Agreement, and Prior Material Breach.  (Exh. A to Supp. Brief.)

On October 31, 2007, defendant removed plaintiff's Michigan state court case to this Court, alleging complete diversity of citizenship and money damages in excess of $75,000.00 to meet this Court's jurisdictional requirements.  See 28 U.S.C. §§ 1332, 1441(a).  On November 5, 2007, defendant filed the instant motion to dismiss on grounds of either improper venue or forum non conveniens.  No other proceedings have taken place in this action to date.

Plaintiff filed a Plea in Abatement/Motion to Dismiss or Stay in the Texas litigation, arguing that the Texas state court should defer to the litigation in this Court.  However, on February 4, 2008, the Texas court denied plaintiff's motion to dismiss or stay the action before it.  Exh. B to Supp. Brief.  Further, the Texas court granted defendant's motion to compel discovery.  *Id.*

## Discussion

### A.  Improper Venue

Referencing Michigan's venue statute for real property actions, MICH. COMP. LAWS § 600.1605, defendant first argues that this case should be dismissed for improper venue because Michigan courts do not have jurisdiction to adjudicate a matter concerning rights and interests in Texas real estate.

Defendant's argument lacks merit.  As plaintiff points out in its response, venue in cases removed to federal court is governed solely by the federal removal statute, 28 U.S.C. § 1441(a).  *See*

*Kerobo v. Sw. Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir. 2002). Section 1441(a) provides the following:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

Here, defendant removed the action to the district court in the Western District of Michigan from a state court within the area embraced by the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Hence, the action was removed to the only venue permitted by § 1441(a).

Indeed, defendant's subject-matter-jurisdiction argument is specifically foreclosed by §1441(f), which provides that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." In short, this Court is not bound by the jurisdictional limitations of the state court.

### B.   Forum Non Conveniens

Alternatively, defendant argues for a dismissal of plaintiff's complaint under the doctrine of forum non conveniens. Nothing in the federal removal statute restricts this Court's authority to dismiss a removed action on the ground of inconvenient forum. *See* 28 U.S.C. § 1441(e)(6). However, with the relative ease of transfers accomplished under section 1404(a), the harsh step of dismissal of an action under the forum non conveniens principle has become unnecessary in most circumstances. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 722 (1996). "The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where

the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. Ltd. v. Malaysia Intern. Shipping Corp.,* ___ U.S. ___; 127 S.Ct. 1184, 1190 (2007) (internal citation omitted).  *See generally* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE EVIDENCE § 3828 (2008).

Here, the alternative forum defendant proposes is the Texas state court where it filed suit against plaintiff, not another federal court to which this action could be transferred nor the court of another country.  Consequently, forum non conveniens analysis has continuing applicability on these facts.

A "[d]ismissal for forum non conveniens reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Sinochem,* 127 S.Ct. at 1190.  Forum non conveniens is, essentially, "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Id.* (quoting *American Dredging Co. v Miller,* 510 U.S. 443, 453 (1994)).

A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.  *Sinochem,* 127 S.Ct. at 1191.  A dismissal on forum non conveniens grounds is appropriate when the defendant establishes (1) that the claim can be heard in an available and adequate alternative forum and (2) that the balance of private and public factors listed in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court.  *Duha v. Agrium, Inc.,* 448 F.3d 867, 873 (6th Cir. 2006).

Private factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil,* 330 U.S. at 508.

Public factors include "court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Gulf Oil,* 330 U.S. at 509.

Defendant argues that dismissal of this action is warranted here because (1) plaintiff is an entity formed for the sole purpose of engaging in activities in Texas, (2) defendant is a Texas limited partnership, (3) this dispute concerns the adjudication of rights and interests in real property located in Texas, (4) the majority of relevant activities occurred in Texas, (5) the resolution of this case will be governed by Texas law, (6) most witnesses and sources of proof are located in Texas, and (7) an alternative forum exists in Texas.

In response, plaintiff argues that defendant has failed to provide this Court with legitimate grounds for any relief due to the inconvenience of the parties or potential witnesses. Plaintiff asserts that the Agreement at issue was solicited, negotiated, drafted and executed in plaintiff's Mason, Michigan office. Plaintiff further asserts that fourteen of its witnesses are located in Mason, Michigan, including two who allegedly cannot be compelled to appear in a Texas court. Plaintiff asserts that all of its relevant financial and accounting records are located in Mason, Michigan. Last, plaintiff opines that the interests of justice weigh heavily in favor of venue in this district where

6

defendant pursued and entered into a business relationship with plaintiff, a Michigan corporation domiciled in Mason, Michigan.

In considering the parties' arguments, the Court finds that defendant has established the first prong for a dismissal on forum non conveniens grounds. The Texas state court is an available and adequate alternative forum for adjudicating the two claims in this case. Indeed, this Court's review of the register of actions of the state court case indicates that the state court judge has decided several motions and that discovery is underway.

Turning to the private factors, the parties make competing assertions about where the activities giving rise to this complaint occurred and competing claims about where the majority of witnesses and proofs are located. This Court is not persuaded that either of these entities would bear more of a hardship than the other in having witnesses travel to attend a trial in Michigan versus Texas or in transporting documents to one state versus the other. Further, the testimony of any witnesses whose attendance could not be compelled could be preserved by deposition.

The public factor that stands out to this Court is the interest in having the trial of a diversity case in a forum that is at home with the law that governs the action. As plaintiff admits, the parties' Agreement is to be "construed in accordance with and governed by the laws of the State of Texas." Agreement, ¶ 11(e); Resp. at ¶ 3. That the parties agree that Texas law governs their dispute lends weight to the conclusion that the suit should be litigated in that jurisdiction. The Court therefore determines that the Texas state court is the more appropriate forum to apply such law.

Having determined that the Texas state court is an available and adequate alternative forum for adjudicating the two claims in this case and having considered the balance of the public and

private interests at stake, the Court determines that dismissal is appropriate and exercises its discretion to grant defendant's motion. An Order consistent with this Opinion will be entered.


DATED: <u>August 26, 2008</u>				<u>/s/ Janet T. Neff</u>
							JANET T. NEFF
							United States District Judge